# EXHIBIT "1"

Case 3:16-cv-02066-L Document 1-2 Filed 07/18/16 Page 2 of 10 PageID 8

DALLAS COUN
6/2/2016 9:43:42
FELICIA PI1
DISTRICT CLE

Tonya Pointer

CAUSE NO. DC-16-06616

| | | |
|---|---|---|
| DELMIS LAZO RAMOS<br>    Plaintiff, | § § § | IN THE DISTRICT COURT |
| VS. | § § | _____ DISTRICT COURT |
| ALEJANDRO ORELLANA AND<br>APANCO TRUCKING INC.<br>    Defendants. | § § § | DALLAS COUNTY, TEXAS |

**PLAINTIFF'S ORIGINAL PETITION**
**& REQUEST FOR DISCLOSURE**

TO THE HONORABLE JUDGE OF THIS COURT:

COMES NOW, DELMIS LAZO RAMOS ("Plaintiff"), complaining of and against ALEJANDRO ORELLANA AND APANCO TRUCKING INC. (collectively "Defendants"), and would respectfully show the Court as follows:

**I.**
**DISCOVERY CONTROL PLAN**

1. Plaintiff submit this action under Discovery Control Plan Level II, per Rule 190.3 of the Texas Rules of Civil Procedure.

**II.**
**RELIEF**

2. Plaintiff seek monetary relief of $500,000 but less than $1,000,000.

**III.**
**JURISDICTION**

3. This Court has jurisdiction as Plaintiff's damages sought are within the jurisdictional limits of this Court.

## IV.
## VENUE

4. All or a substantial part of the events giving rise to this claim occurred in DALLAS County. Therefore, venue is proper in DALLAS County pursuant to section 15.002(a)(1) of the Texas Civil Practice and Remedies Code.

## V.
## PARTIES

5. Plaintiff is an individual domiciled in Dallas County, Texas.

6. Defendant, ALEJANDRO ORELLANA , is an individual who may be served with process at his place of residence, 739 East 78th Street, Los Angeles , California 90001 or wherever he may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the citation to ALEJANDRO ORELLANA. , is an individual who may be served with process at his place of residence, . **Issuance of citation is requested at this time.**

7. Defendant, APANCO TRUCKING INC., is a California Company doing business in Texas, USDOT # 1406590, and may be served with process by
serving registered agent, Anthony Apanco at 885 Cantabria Ct., Perris, California 92571
or wherever he may be found. Pursuant to Section 17.062 of the Civil Practice and Remedies Code, Tryon D. Lewis, Chairman, Texas Transportation Commission, 125 E. 11th Street, Austin, Texas 78701-2483 will forward the citation to Anthony Apanco at 885 Cantabria Ct., Perris, California 92571    . **Issuance of citation is requested at this time.**

## VI.
## JURY DEMAND

8. Plaintiff hereby respectfully requests that a jury be convened to try the factual issues of this case.

## VII.
## CAUSE OF ACTION

9. Defendant is a motor carrier licensed by and registered with the Federal Motor Carrier Safety Administration. Defendant APANCO TRUCKING INC. hired, qualified, and retained Defendant ORELLANA as a truck driver. At all times relevant to this lawsuit, Defendant ORELLANA was acting in the course and scope of his actual and/or statutory employment with Defendant Apanco.

10. On or about February 23, 2016, Plaintiff was injured when Defendants made an unsafe lane change and crashed into Plaintiff's vehicle. Defendants' wrecked into Plaintiff's vehicle on 3500 Block of Roy Orr, in Grand Prairie, Dallas County, Texas. Defendant's negligence, negligence *per se*, and gross negligence proximate caused Plaintiff's personal injuries and damages.

## VIII.
## NEGLIGENCE OF DEFENDANTS

11. At all material times, Defendant APANCO TRUCKING INC.owned, leased, operated, maintained and/or controlled motor carriers and had the duty to exercise that degree of care which a motor carrier of ordinary prudence would have under the same or similar circumstances. Defendant Apanco's employee, Defendant ORELLANA, likewise had the duty to exercise that degree of care which a motor carrier driver of ordinary prudence would have under the same or similar circumstances.

12. Defendants' negligence, negligence *per se*, and gross negligence were the proximate cause of Plaintiff's bodily injuries. Defendants' acts or omissions were unjustifiable and likely to cause serious harm to the Plaintiff and the public, including but are not limited to:

- a. In failing to keep such a lookout as a person of ordinary prudence would have kept under similar circumstances;

- b. In failing to apply the brakes to the vehicle in order to avoid hitting the Plaintiff's vehicle;

- c. In failing to control the speed of the vehicle and/or in driving at a speed greater than is reasonable and prudent under the circumstances then existing in violation of Texas Transportation Code § 545.351;

- d. In failing to be attentive;

- e. In failing to identify, predict, decide and execute evasive maneuvers appropriately in order to avoid crashing;

- f. In driving recklessly, in violation of Texas Transportation Code § 545.401;

- g. In causing a wreck involving personal injuries or death in violation of Texas Transportation Code § 550.021;

- h. In failing to act as a reasonably prudent person would have under the same or similar circumstances;

- i. In failing to operate a commercial motor vehicle in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated as required under 49 CFR 392.2;

- j. In failing to obey a traffic control device; and,

- k. In failing to change lanes when safe.

13. Each of the above acts and omissions, singularly or in combination with each other, was a proximate cause of Plaintiff sustaining injuries and damages (described below).

## IX.
## RESPONDEAT SUPERIOR

14. Defendant APANCO TRUCKING INC. is vicariously liable for the negligence of employee/agent, Defendant ORELLANA, as alleged above, under the doctrine of respondeat superior because Defendant ORELLANA was acting in the course and scope of his employment with Defendant APANCO TRUCKING INC. at the time of the wreck.

## X.
## NEGLIGENT ENTRUSTMENT

14. Defendant APANCO TRUCKING INC. negligently entrusted the tractor-trailer that Defendant ORELLANA was operating at the time of the wreck to Defendant ORELLANA when Defendant APANCO TRUCKING INC. knew or should have known that Defendant ORELLANA was unlicensed and/or incompetent and /or reckless, which also proximately caused Plaintiff injuries.

## XI.
## NEGLIGENT HIRING AND SUPERVISION

15. Defendant APANCO TRUCKING INC. is liable for Defendant ORELLANA' negligence because Defendant APANCO TRUCKING INC. failed to use ordinary care in hiring, training, supervising, and retaining Defendant ORELLANA, which also proximately caused Plaintiff injuries.

## XII.
## EXEMPLARY DAMAGES

16. Defendants' conduct entitles Plaintiff to recover exemplary damages under section 41.003 of the Texas Civil Practice and Remedies Code. Plaintiff seek recovery of exemplary damages for harm that was the direct result of Defendants' gross negligence.

17. Defendants' acts and omissions involved an extreme degree of risk, considering the probability and magnitude of potential harm to others, such as Plaintiff. Defendants had actual, subjective awareness of the risks involved, but nevertheless preceded with wanton disregard and conscious indifference for the rights, safety, and welfare of others. As such, Plaintiff requests the trier of fact to punish and deter Defendants and others like him from such conduct in the future. Plaintiff, therefore, will seek damages in an amount to be determined by the trier of fact, commensurate with:

    a.    the nature of the wrong committed by Defendants;

    b.    the character of Defendants' course of conduct;

    c.    the degree of culpability of the wrongdoer herein;

    d.    the helpless and dependent nature of the victim in this case; and,

    e.    the severity, frequency, degree, and extent that Defendants' such conduct described herein above offends a public sense of justice and propriety.

## XIII.
## INJURIES - PRESENT AND FUTURE MEDICAL

18. As a direct and proximate result of Defendants' negligent conduct, Plaintiff suffered severe and disabling injuries to Plaintiff bodies in general. In addition, since February 23, 2016 Plaintiff have suffered from pain and injuries, which Plaintiff never experienced prior to the collision. Moreover, Plaintiff suffered physical impairment, permanent disfigurement, as well as severe physical and mental pain, suffering, and anguish. Still further, as a proximate result of the negligence of Defendants, Plaintiff's ability to administer to Plaintiff own needs have been seriously diminished, and Plaintiff ability to attend to customary household duties and occupations will continue to be impaired far into the future. In all reasonable probability,

Plaintiff will continue to suffer in this manner for a long time into the future, if not for the balance of Plaintiff's natural lives.

19.     Solely as a result of the injury, Plaintiff required extensive medical treatment and has incurred reasonable and customary doctors', pharmacy, and medical expenses for necessary medical treatment. There is also a reasonable probability that Plaintiff will incur additional reasonable expenses for necessary medical care and attention in the future. By reason of the foregoing injuries and damages, Plaintiff sustained damages far in excess of the minimum jurisdictional limits of the Court.

## XIV.
## PLAINTIFF'S REQUEST FOR DISCLOSURE TO DEFENDANTS

20.     Plaintiff requests that Defendants disclose the information and material described in Texas Rule of Civil Procedure 194.2(a)-(l). Additionally, Plaintiff requests that Defendants disclose all documents, electronic information, and tangible items that are in Defendants' possession, custody, or control and may use to support its claims or defenses. Defendants' responses shall be delivered to Plaintiff's attorney of record at 400 S. Zang Boulevard, 6th Floor, Suite 600, DALLAS, Texas 75208 within fifty (50) days from the date of service hereof. Plaintiff also requests that Defendants supplement responses to this Request for Disclosure, as provided by Texas Rules of Civil Procedure 192, 193, and 194.

## XV.
## NOTICE OF USE OF DOCUMENTS

21.     Pursuant to Texas Rules of Civil Procedure 166a(d) and 193.7, Plaintiff hereby gives notice to Defendants that she intends to use all discovery products, responses, and documents exchanged and produced between the parties as summary judgment evidence, in any pretrial proceeding, and/or at trial in this cause.

## XVI.
## PRAYER

22. THEREFORE, Plaintiff seeks monetary relief of over $200,000 but less than $1,000,000. Specifically, Plaintiff respectfully requests that Defendants be cited to appear and answer, and that on final trial, Plaintiff be awarded judgment against Defendants for the following:

    a. Actual medical bills, all of which are necessary and reasonable for these types of services in DALLAS County, Texas;

    b. Future medical care expenses in an amount found to be reasonable and just by the trier of fact;

    c. Monetary damages for past and future physical pain and suffering and mental anguish found to be reasonable and just by the trier of fact;

    d. Monetary damages for past and future physical impairment as found to be reasonable and just by the trier of fact;

    e. Monetary damages for past and future permanent disfigurement in an amount to be determined by the trier of fact;

    f. Monetary damages for lost wages incurred for and past and future loss of earning capacity, in an amount to be determined by the trier of fact;

    g. Exemplary damages, as found to be reasonable by the trier of fact;

    h. Pre and post judgment interest at the maximum legal rate;

    i. Costs of Court;

    j. Such other and further relief, at law or in equity, to which Plaintiff may be justly entitled.

Respectfully Submitted,

**LAW OFFICES OF DOMINGO GARCIA, P.C.**

By: _____
David Benavides
State Bar No.02118050

400 S. Zang Blvd.
6th Floor, Suite #600
DALLAS, Texas 75208
Telephone: (214) 941-8300
Fax: (214) 943-7536
Email: DALLASoffice@dgley.com

**ATTORNEY FOR PLAINTIFF**